**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3718-16T2

MICHAEL STANTON,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted December 19, 2018 – Decided May 20, 2019

Before Judges Nugent and Reisner.

On appeal from the New Jersey Department of Corrections.

Michael Stanton, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant, Michael Stanton, a prison inmate, appeals from the final disciplinary action taken against him by the Department of Corrections (DOC). We affirm.

Stanton was an inmate at Bayside State Prison when the events underlying this appeal occurred. According to the record of the disciplinary proceedings, on a February afternoon in 2017, two corrections officers who were attempting to locate the source of a strong odor of something burning entered a cell occupied by Stanton and another inmate. Stanton initially complied with an officer's order to stand up, place his hands on his head, and face the cell window, but he then moved his hands toward his waist. He disobeyed an order to return his hands to his head and instead reached toward or into his waistband while turning toward the officer. The officer sprayed Stanton with a spray called O.C. spray. With the assistance of several other officers who had responded to a call for assistance, the officer who had sprayed Stanton restrained him, as he had become combative. During the struggle, an officer dislodged from Stanton's left hand a four-inch brush handle. The handle had been sharpened to a point on one end and had a shoelace through a hole on the other end. The incident caused a delay of approximately one hour in prison movements.

A-3718-16T2

The DOC charged Stanton with three of the acts prohibited by N.J.A.C. 10A:4-4.1: *.202, possession or introduction of a weapon, *.306, conduct which disrupts or interferes with the security or orderly running of the institution, and *.708, refusing to submit to a search. Following a hearing, the hearing officer found Stanton guilty of the charges. The sanction for the *.202 charge was 365 days of administrative segregation, 365 days loss of commutation time, thirty days loss of recreation time, and confiscation of the weapon. The sanctions for the *.306 and *.708 charges were "combined" with the sanctions for the *.202 charges.

Stanton filed an administrative appeal, and the Assistant Superintendent upheld the hearing officer's decision. This appeal followed.

On appeal, Stanton raises the following points:

> POINT I
> DHO RALPH SHOWED PREJUDICE BY NOT ALLOWING STANTON TO ASK PERTINENT QUESTIONS REGARDING SCO. PEREZ'S FAILURE TO COMPLY WITH D.O.C. STANDARDS OF OPERATIONAL PROCEDURES, WHICH WOULD PROVE HIS MALICIOUS INTENT & EXPOSE THE FALSIFIED CHARGES & STATEMENTS. AS WELL AS TAKE INTO CONSIDERATION PEREZ WASN'T IN COMPLIANCE WITH DOC STANDARDS.

A-3718-16T2

POINT II

DHO VIOLATED STANTON'S DUE PROCESS RIGHTS BY ALLOWING POSTPONEMENT TO EXCEED BEYOND THE ALLOTTED TIME TO GO ON A VACATION INCLUDED IN 10A 4-9.7(A)2.

POINT III

INCONSISTENT STATEMENTS MADE BY ALL OFFICERS DURING THE CONFRONTATION DOES NOT SUPPORT THE FABRICATED CHARGES AGAINST STANTON. IT EXPOSE[S] THE LIES TOLD BY THE OFFICERS IN ORDER TO COVER UP THE TRUTH.

POINT IV

VIDEO EVIDENCE PURPOSELY DESTROYED TO COVER UP ALL THE FABRICATED LIES BY ALL REPORTING OFFICERS TO JUSTIFY THE PHYSICAL ATTACK AGAINST STANTON AND SETTING HIM UP WITH A WEAPON THAT WOULD'VE PROVED BEYOND A SHADOW OF A DOUBT IT WASN'T HIS. A CRIME OF THE FOURTH DEGREE. 2C:28-6.

Our scope of review is narrow. Generally, we will not disturb the DOC's final administrative decision imposing disciplinary sanctions upon an inmate unless the inmate demonstrates that the decision is arbitrary or capricious, or is unsupported by substantial credible evidence in the record. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980). Evident from a careful consideration of the record is that the DOC's final decision is supported by substantial evidence. See McDonald v. Pinchak, 139 N.J. 188, 195 (1995); N.J.A.C. 10A:4-

4

9.15(a) ("A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act.").

The arguments Stanton raises in his first and third points reflect little more than his disagreement with the hearing officer's factual determinations and credibility findings. The questions he says he was precluded from asking were mostly irrelevant or objectionable for security or other reasons, and his argument that the statements of all officers were inconsistent represents nothing more than his disagreement with the weight the hearing officer gave to those statements.

The record also demonstrates the disciplinary proceedings were conducted in a manner that afforded Stanton the due process to which he was entitled. See Avant v. Clifford, 67 N.J. 496, 522 (1975). Most of the delays in the hearing were attributable to Stanton's requests, such as his requests that statements be obtained from two inmates and his request to confront seven corrections officers. His request for video surveillance footage was denied not because it was purposefully destroyed, as he alleges, but because the video system stored only five days of recordings.

In short, the DOC's final decision is supported by sufficient credible evidence on the record on the whole. R. 2:11-3(e)(1)(D). Stanton's arguments lack sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

A-3718-16T2

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3718-16T2